# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETHIA LYNN BESTENHEIDER,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 1:24-cv-00313-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 23) |

Petitioner Melissa Newel ("Petitioner"), attorney for Alethia Lynn Bestenheider ("Plaintiff"), filed the instant motion for attorney's fees. (ECF No. 23.) Petitioner requests fees in the amount of $22,531.00 pursuant to 42 U.S.C. § 406(b). Petitioner also requests that he be directed to reimburse Plaintiff the Equal Access Justice Act ("EAJA") fee in full, $9,209.94.

Plaintiff did not file an opposition or otherwise respond to the motion for attorney's fees, and the time to do so has passed. Defendant Commissioner of Social Security, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion, in which he asserts he neither supports nor opposes Petitioner's request for attorney's fees, but observes that the Court should direct Petitioner to reimburse Plaintiff any fees he previously received under the EAJA. (ECF No. 24.)

/ / /

/ / /

## I.

## BACKGROUND

On March 1, 2024, Plaintiff entered into a contingent fee agreement with Petitioner Melissa Newel. (ECF No. 23-1.) The agreement entitled Petitioner to an award of 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision. (Id.)

On March 14, 2024, Plaintiff filed a complaint challenging the denial of social security benefits. (ECF No. 1.) Following Plaintiff filing a brief in support of reversing and remanding the final decision of the Commissioner (ECF No. 14), the parties filed a stipulation for voluntary remand for further proceedings pursuant to Sentence Four of 42 U.S.C. 405(g). (ECF No. 18.) On August 5, 2024, the Court approved the stipulation, ordered that the final decision was reversed and remanded, and directed the Clerk of the Court to enter judgment in favor of Plaintiff. (ECF Nos. 19, 20.)

On September 30, 2024, the parties filed a stipulation for an award of attorney's fees in the amount of $9,209.94 under the EAJA, 28 U.S.C. § 2412(d), which the Court approved. (ECF No. 22.)

In the instant motion, Petitioner seeks an award of attorney's fees in the amount of $22,531.00, pursuant to 42 U.S.C. § 406(b) and an order to reimburse Plaintiff the amount previously awarded under the EAJA, $9,209.94. (ECF No. 23.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v.

Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808-09. The attorney has the burden of demonstrating that the fees requested are reasonable. Id. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Id. at 796. The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

### A. Attorney Fees Under 42 U.S.C. § 406(b)

The Court begins with Plaintiff's agreement to pay 25 percent of the past-due benefits awarded upon reversal of any unfavorable ALJ decision. (ECF No. 23-1.) The Court recognizes the contingent nature of this case and counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). The Social Security Administration notified Plaintiff that "[w]e are withholding the amount of $22,531.00, which represents the balance of 25 percent of the past-due benefits for Alethia Bestenheider, in anticipation of direct payment of an authorized attorney's fee." (ECF No. 23-3.) Petitioner now seeks $22,531.00, which is precisely 25 percent. (ECF No. 23.) From a broad lens, the

$22,531.00 is not excessively large in relation to the past-due award of $90,124.00.[1]

Gisbrecht also instructs that where "the benefits are large in comparison to the amount of time counsel spent on the case," a downward adjustment in the requested fee award may be "in order." Gisbrecht, 535 U.S. at 808 (noting a district court "may require the claimant's attorney to submit, not as a basis for satellite litigation, but *as an aid* to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases") (emphasis added). The attorney has the burden of demonstrating that the fees requested are reasonable. Id.; Crawford, 586 F.3d at 1148.

In support of the instant motion, Petitioner submits a time log reflecting 37.65 hours expended litigating this action. (ECF No. 23-2.) The hours include reviewing documents and the administrative record, drafting the complaint, correspondence, and drafting the opening brief. (Id.) Taking $22,531.00 as the award, Petitioner notes that the hourly rate would be approximately $598.43 and is range of reasonable attorney's fees. (ECF No. 23, p. 3.) Petitioner directed the Court to several cases in support of this hourly rate. For example, in Malta v. Commissioner, No. 1:10-cv-00415-CDB, 2024 WL 3618430 (E.D. Cal. Aug. 1, 2024), the court awarded attorney's fees in the hourly amount of $1,553.87. Id. at *3. Moreover, in Coder v. Commissioner, No. 1:20-cv-00497-CDB, 2024 WL 1742026 (E.D. Cal. Apr. 23, 2024), the court found $1,500 to be an appropriate hourly award. Id. at *3. The Court finds these cases instructive and agrees that the effective hourly rate requested here falls within the range of reasonable fees.

Further, the Court finds no indication that a reduction of fees is warranted based on substandard performance. Crawford, 586 F.3d at 1151. Petitioner is an experienced, competent attorney who ultimately secured a successful result for Plaintiff. (ECF No. 23-3; see also ECF No. 23, p. 4, ¶ 2.) Although this action has been pending since 2024, there is no indication that Petitioner was responsible for the delay in the proceedings that would indicate any undue

[1] The Court extrapolated this sum by taking $22,531.00 as 25 percent of an unknown final award amount and thereafter used basic algebra.

accumulation of past-due benefits. Indeed, this action was before the Court only briefly before the parties stipulated to remand.

In sum, Petitioner's requested attorney's fees in the amount of $22,531.00 is precisely 25 percent of the past-due benefits awarded and is not excessive in relation to the past-due award. The Court is cognizant that neither Plaintiff nor the Defendant oppose the award of fees as unreasonable. Petitioner also assumed the risk of receiving no compensation. (ECF No. 23-1.) The Court finds the fee amount requested is reasonable in light of the several years of litigation and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or a windfall to Petitioner. Accordingly, the Court finds that the requested fee of $22,531.00 is reasonable.

**B. EAJA Refund**

"[A]n award of attorney's fees under § 406(b) does 'not prevent an award of fees and other expenses under' the EAJA, but 'where the claimant's attorney receives fees *for the same work* under both' § 406(b) and the EAJA, then 'the claimant's attorney refunds to the claimant the amount of the smaller fee." Castillo v. Kijakazi, No. 5:20-CV-02347-KES, 2023 WL 12090215, at *5 (C.D. Cal. June 8, 2023) (emphasis in original) (quoting Public Law No. 99-80, 99 Stat. 183 (1985)).

Both Petitioner and Defendant request that the Court direct Petitioner to reimburse Plaintiff the entirety of fees he previously received under the EAJA. (ECF Nos. 23, 24.) The Court agrees and will order that Petitioner refund Plaintiff the entire amount of the EAJA fees previously awarded: $9,209.94. See Gisbrecht, 535 U.S. at 796.

**VI.**

**CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. The award of Section 406(b) fees must be offset by any and all prior awards of fees granted under the EAJA. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $22,531.00 (ECF No. 23) is GRANTED;

2. The funds SHALL be paid to Petitioner out of the funds withheld by the Social Security Administration; and

3. Petitioner is ORDERED to refund $9,209.94 to Plaintiff Alethia Lynn Bestenheider as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **September 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge